Rockingham,
Jan. 7, 1941. } No. 3197.

### WOODBURY J. BROWN *v.* WILLIAM M. COLE, *Ex'r.*

*Frederick J. Grady* and *George Scammon* (*Mr. Grady* orally), for the plaintiff.

*Ralph G. McCarthy* and *Charles M. Dale* (*Mr. Dale* orally), for the defendant.

BRANCH, J. The plaintiff and the deceased were engaged in the purchase and operation of lumber lots during the time covered by these transactions, sometimes by themselves and sometimes in company with William M. Cole. The relationship between them was governed by various agreements concerning the operation of specific lots. These agreements all provided, in substance, that "the said Wallace W. Cole shall advance all monies for purchase and operation of said lots, and shall charge said Brown interest at the rate of ten (10) per centum per annum, on one-half of all monies used in said purchase and operation of lots, so long as the same is actually needed and in use." It is for the interest so charged that this action is brought.

It is well settled law that before there can be usury, there must be a principal sum loaned and repayable at all events. It must not be put in hazard absolutely. 27 R. C. L., Title, Usury, s. 21. The referee found that the contracts here involved, "merely provide that the Defendant is to furnish all of the capital necessary for the purchase and operation of the various lots. They contained nothing

about sharing any losses. ... The contracts establish that the Plaintiff and the Defendant were engaged in a joint venture in which all of the capital was supplied by the Defendant. ... Brown does not bind himself to repay any part of the principal, but does bind himself to pay or be charged with 10% interest ... The contracts do not establish that the Defendant was exempted from risk of loss of his principal. ... The method of collecting the 10% interest, however, was the same in all contracts. It was charged as an expense against the lot."

In view of these findings which consisted for the most part of correct interpretations of the contracts the referee could have reached no other conclusion than that embodied in his recommendation of judgment for the defendant.

*Exception overruled.*

All concurred.